IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Steven Bixby, 6024, ) | Civil Action No.: 5:14-cv-2168-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | **ORDER** |
| ) | |
| Warden McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 5, 2014.  *See* Petition, ECF No. 1. Petitioner was convicted of murder and several related crimes by an Abbeville County jury in February 2007.  *See* ECF No. 1 at 2; ECF No. 1-3 at 3.  Petitioner is currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina.  The matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, filed on July 31, 2014.[1]  *See* R & R, ECF No. 15.  In her R & R, the Magistrate Judge recommends that Petitioner's petition be dismissed without prejudice. *See id.* at 6.

## STANDARD OF REVIEW

    The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

In the R & R, the Magistrate Judge recommends the Court dismiss the Petition without prejudice. *See* ECF No. 15 at 6. The Magistrate Judge noted that Petitioner acknowledged in his petition that he has a pending application for post-conviction relief in the Court of Common Pleas for Abbeville County. *See* ECF no. 1 at 2; ECF No. 1-3 at 20–26. Moreover, the online court records also reflect a pending initial petition for post-conviction relief. *See Bixby v. State of S.C.*, No. 2011-CP-01-00110 (S.C. Ct. Comm. Pls.), *available at* http://publicindex.sccourts.org/Abbeville/PublicIndex/CaseDetails.aspx?County=01&CourtAgency=01002&Casenum=2011CP0100110&CaseType=V (last visited Nov. 24, 2014). Accordingly, the Magistrate Judge noted that Petitioner

has not fully exhausted his state court remedies and thus dismissal is proper. *See generally* ECF No. 15.

Petitioner filed objections to the Magistrate Judge's R & R. These objections, however, were largely irrelevant to the findings in the R & R. Rather, Petitioner appears to repeatedly assert the state court did not have jurisdiction to prosecute him and that there have been a litany of due process issues with his case. *See generally* ECF No. 19. Petitioner argues that he need not exhaust his administrative remedies because the State of South Carolina has lacked jurisdiction from the start of the proceedings against him. *See id.* at 16.

Petitioner does not dispute that his PCR proceedings are ongoing. *See, e.g. id.* at 6 (noting that the PCR is "now in progress"), 10 (noting "[m]y PCR hearing in Abbeville is under way"). As the Magistrate Judge correctly noted, the case filing history shows that his PCR application is still pending. Accordingly, the Court finds that dismissal without prejudice is warranted as Petitioner has not fully exhausted his state remedies. Petitioner's objections fail to establish that this case warrants an exception to the exhaustion requirement, as he has neither shown that there is "an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B).

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural

ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

After a thorough review of the record in this case, the Court agrees with the Magistrate Judge that Petitioner's § 2254 Petition should be dismissed without prejudice. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *without prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's Motion to Serve, ECF No. 3, is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 9, 2014